Nicholas Feden, Esq
Martin Law LLC
1818 Market St.
35th Floor
Philadelphia, PA 19103
215.587.8400 | 267.765.2034
nfeden@paworkinjury.com

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELINETT GARCIA, <br><br> Plaintiff, <br><br> vs. <br><br> THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, <br><br> Defendant | CIVIL ACTION <br><br><br> NO.  2:23-cv-1996 <br><br><br> ERISA- NO JURY TRIAL REQUESTED |

**CIVIL ACTION COMPLAINT**

NOW COMES, the Plaintiff, Kelinett Garcia, by and through her Counsel, [PLAINTIFF'S COUNSEL], and hereby complains of the above referenced Defendant, The Hartford Life and Accident Insurance Company, (hereinafter referred to as "Hartford"), as follows:

**STATEMENT OF JURISDICTION**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a long term disability policy issued to the Claimant through her Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

2. All acts and occurrences material to the instant causes of action occurred within the jurisdictional boundaries of this Honorable Court.

**FACTS**

3. The Plaintiff, Kelinett Garcia, an adult and competent individual, is a resident of Pennsylvania.

4. The Defendant, The Hartford, under information and belief, is a business entity. The address of the defendant is 1515 Market St., Philadelphia, PA 19102.

5. Hartford is a business entity that issues long term disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, Hartford issued a long-term disability insurance policy to the Plaintiff through the Plaintiff's employer, Stored Energy Concepts Inc.

7. The policy of insurance, aforementioned, provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, Plaintiff performed all obligations required of her under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Hartford to the Plaintiff's employer.

11. On a date certain, the Plaintiff filed an application for long term disability insurance benefits with Hartford.

12. Hartford paid Plaintiff long-term disability benefits from October 9, 2018 through February 8, 2021 as they determined that her condition was disabling under the relevant definitions in the Policy.

13. Hartford subsequently notified the Plaintiff that her claim was denied as of February 8, 2021, and that she would no longer receive benefits.

14. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of her treating doctors in support of her claim.

15. By correspondence dated November 2, 2021, Hartford denied the Plaintiff's administrative appeal and informed her of her right to bring a civil action disputing the adverse benefit decision.

16. Hartford acted arbitrarily, capriciously and in a manner serving only its own business interest when it denied the Plaintiff's claim for long term disability insurance benefits.

17. The actions of Hartford in denying the Plaintiff's claim for long term disability insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

18. The actions of Hartford in denying the Plaintiff's claim for long term disability insurance benefits are contrary to the language of the policy in question.

19. The Plaintiff is entitled to long term disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

20. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

21. As a direct and proximate result of the actions of Hartford as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

22. As a direct and proximate result of the actions of Hartford, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from February 10, 2021 to the present and continuing into the future.

23. WHEREFORE, the Plaintiff, Kelinett Garcia, respectfully requests that judgment be entered against Hartford as follows:

1. Ordering Hartford to pay to the Plaintiff, Kelinett Garcia, long term disability insurance benefits from February 10, 2021 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Kelinett Garcia, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

By: *Nicholas Feden*
Nicholas Feden, Esq.
PA Bar ID: 307902

Martin Law LLC
1818 Market St.
35th Floor
Philadelphia, PA 19103
nfeden@paworkinjury.com
215.587.8400
267.765.2034